UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS MEDEIROS,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF PALO ALTO,<br><br>    Defendant. | Case No. 17-CV-05913-LHK<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Before the Court is the Plaintiff's second amended complaint. Having considered the relevant law and the record in this case, the Court DISMISSES the case without prejudice under 28 U.S.C. § 1915.

**I.  BACKGROUND**

    **A.  Factual Background**

Plaintiff Thomas Medeiros has filed a civil rights suit against Defendant City of Palo Alto ("Defendant" or "City") under 42 U.S.C. § 1983. ECF No. 12. Medeiros' complaint alleges the following facts. In December 2001, Medeiros worked as a "jetter" for a septic tank company, where his job was to use a high-pressure water hose to dispose of large quantities of grease. ECF No. 12 at ¶ 7. On December 3, 2001, one of Defendant's employees falsely accused Plaintiff of

1 causing a grease spill near a worksite. *Id.* at ¶¶ 12-16. Plaintiff was criminally charged for the spill in California state court, and convicted in 2005. *Id.* at ¶ 17. However, in 2007 a California appellate court overturned Plaintiff's conviction for lack of evidence. *Id.* at ¶ 18.

Plaintiff then unsuccessfully sued Defendant in California state court for malicious prosecution. *Id.* at ¶¶ 19-33. Plaintiff alleges that the reason for his failure is that Defendant's independent contractor, George Hills Company, Inc. ("George Hills"), falsely represented that Plaintiff's claim was untimely. *Id.* at ¶¶ 22, 26-27. Plaintiff then sued George Hills in California state court, but that suit too was unsuccessful, and the suit ended, at the latest, on October 14, 2015. *Id.* at ¶ 33. Plaintiff then filed a federal claim in this Court.

### B. Procedural History

On October 16, 2017, Plaintiff filed a malicious prosecution action against Defendant in federal court under 42 U.S.C. § 1983. ECF No. 1. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. ECF No. 2.

On November 2, 2017, United States Magistrate Judge Howard R. Lloyd granted Medeiros' *in forma pauperis* Application and issued a Report and Recommendation to dismiss this case under 28 U.S.C. § 1915 for failure to state a claim upon which relief may be granted, with leave to amend. ECF No. 4.

On November 3, 2017, Plaintiff filed a First Amended Complaint. ECF No. 7.

On November 22, 2017, Plaintiff filed a motion for relief from Judge Lloyd's report and recommendation. ECF No. 9. On January 10, 2018, this Court adopted Judge Lloyd's Report and Recommendation, and dismissed Plaintiff's FAC with leave to amend. ECF No. 10.

On February 7, 2018, Plaintiff filed a Second Amended Complaint. ECF No. 12 ("SAC"). In his SAC, Plaintiff's sole cause of action is malicious prosecution under 42 U.S.C. § 1983.

## II. LEGAL STANDARD

Courts must liberally construe pleadings authored by litigants who represent themselves. *See Haines v. Kerner*, 404 U.S. 519 (1972). Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that no amendment can cure the defect." *Murphy v.*

*United States Postal Serv.*, 2014 WL 4437731, at *2 (N.D. Cal. 2014) (quoting *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980)).

**III. DISCUSSION**

Plaintiff's suit is time-barred under California's two-year statute of limitations for personal injury actions. Cal. Civ. Proc. Code § 335.1; *see Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007) (noting § 1983 has no specific statute of limitations, so "courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law"). The initial false accusation against Plaintiff was 17 years ago in 2001, Plaintiff's conviction was reversed 11 years ago in 2007, and Plaintiff's last lawsuit in state court ended well over two years ago in 2015. SAC at ¶¶ 8, 18, 33. Thus, Cal. Civ. Proc. Code § 335.1 acts to bar Plaintiff's claims here.

Furthermore, tolling would not save Plaintiff's complaint. Under California law, "the only relevant criteria for starting and ending the tolling of the [personal injury] statute are, respectively, the commencement of the action by the filing of the plaintiff's complaint and the end of the action by judgment." *Sidney v. Superior Ct.*, 198 Cal. App. 3d 710, 715 (1988). Even if the statute of limitations were tolled during the pendency of Plaintiff's state cases, Plaintiff's last state lawsuit terminated on October 14, 2015, SAC at ¶ 33, and he did not bring another suit until the instant case, first filed on October 16, 2017, ECF No. 1. So, more than two years have elapsed between the termination of Plaintiff's state case and the filing of the instant action.

However, Plaintiff "seeks equitable estoppel relief from any attempt . . . to assert a statute of limitations affirmative defense in this action." SAC at ¶ 34. Under California law, equitable estoppel has four elements: "(1) [t]he party to be estopped must know the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had the right to believe that it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and, (4) he must rely upon the conduct to his injury." *Hopkins v. Kedzierski*, 225 Cal. App. 4th 736, 756 (2014). Plaintiff fails to make sufficient factual allegations regarding

3

Case No. 17-CV-05913-LHK
ORDER DISMISSING CASE WITHOUT PREJUDICE

the provenance of this alleged equitable estoppel. In fact, Plaintiff makes no factual allegations regarding the alleged equitable estoppel. Thus, unless Plaintiff can amend his complaint to allege facts against the City supporting his claim of equitable estoppel, the Court will have no choice but to dismiss his claims with prejudice for being time-barred under California law.

## IV. CONCLUSION

For the foregoing reasons, the Court DISMISSES Plaintiff's SAC with leave to amend. If Plaintiff elects to file an amended complaint, Plaintiff must do so within 30 days of this Order. If Plaintiff fails to file an amended complaint within 30 days or fails to cure the deficiencies identified in this order, the deficient claim will be dismissed with prejudice. Plaintiff may not add new causes of action or new parties without stipulation or leave of the Court.

**IT IS SO ORDERED.**

Dated: December 4, 2018

*Lucy H. Koh*
LUCY H. KOH
United States District Judge