UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS MEDEIROS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PALO ALTO,<br><br>Defendant. | Case No. 17-CV-05913-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE**<br><br>Re: Dkt. No. 33 |

Plaintiff Thomas Medeiros, proceeding *pro se*, has brought suit against Defendant City of Palo Alto. Plaintiff asserts one claim against Defendant for malicious prosecution under 42 U.S.C. § 1983. Before the Court is Defendant's motion to dismiss Plaintiff's third amended complaint. ECF No. 33 ("Mot."). Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS Defendant's motion to dismiss with prejudice.

**I. BACKGROUND**

**A. Factual Background**

Plaintiff was employed by A-1 Septic Tank Services, Inc. as a jetter, which involves spraying a "high pressure water hose to remove grease from surfaces." ECF No. 26 (third amended complaint, or "TAC") at ¶ 7. On December 3, 2001, Plaintiff was assigned to provide

1
Case No. 17-CV-05913-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

1 maintenance for a grease interceptor located at the Palo Alto Hills Golf and Country Club. *Id.* at ¶

2 8. A grease interceptor is "an underground device that filters and separates kitchen grease from

3 water so as to prevent grease from entering the sewer system." *Id.* Plaintiff left the Palo Alto Hills

4 Golf and Country Club with a truck filled with grease. *Id.* at ¶ 14.

5      As Plaintiff was driving away from the Palo Alto Hills Golf and Country Club, Plaintiff

6 was stopped by Defendant's employee Jackie Wilson and accused of "releasing the grease load

7 into the sewer system causing a backup and eventual flow into the Matadero Creek." *Id.* at ¶ 13.

8 Defendant's officials began to investigate Plaintiff for allegedly discharging grease from the

9 grease interceptor into the municipal sewer because Defendant "deputized" certain employees to

10 carry out criminal investigations of alleged environmental violations. *Id.* at ¶¶ 23-24.

11      Plaintiff alleges that Defendant's employees deputized to investigate alleged

12 environmental violations lacked training or knowledge "of proper criminal procedures when

13 investigating environmental crimes" and lacked "training in the protection of a citizen's

14 constitutional rights when accused of a crime." *Id.* at ¶¶ 26-27. Plaintiff claims that because of the

15 deputized employees' lack of training, Defendant failed to: "secure the crime scene"; "obtain

16 obvious evidence of innocence"; "secure percipient witness testimony"; "recognize and supply

17 exculpatory evidence"; and "preserve direct evidence regarding the alleged crimes." *Id.* at ¶ 30.

18      Plaintiff was indicted for a felony environmental crime in November 2003. *Id.* at ¶ 18.

19 Plaintiff's pleadings are unclear as to the specific crime with which Plaintiff was charged. Plaintiff

20 was tried and convicted of the crime in May 2005. *Id.* However, in 2007, Plaintiff's conviction

21 was overturned by the California Court of Appeal based on a lack of evidence. *Id.* at ¶ 18. The

22 California Court of Appeal issued its remittitur on October 2, 2007. ECF No. 34-2.[1]

---

[1] Defendant requests judicial notice of various judicial documents related to Plaintiff's California prosecution and to Plaintiff's subsequent civil lawsuit related to the prosecution. ECF No. 34. Defendant also requests judicial notice of documents referred to in the TAC. *Id.* A court "may take notice of proceedings in other courts, both within and without the federal judicial system." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). A court also may take judicial notice of "documents incorporated by reference in the complaint." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Thus, Defendant's request for judicial notice is GRANTED because the documents for which Defendant seeks judicial notice

2

Case No. 17-CV-05913-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

Plaintiff timely filed a government claim[2] with Defendant on January 29, 2008. TAC at ¶ 53. Defendant's claims administrator, an outside company called George Hills Company, Inc. ("George Hills Co."), erroneously rejected Plaintiff's claim as late in correspondence dated February 7, 2008. *Id.* at ¶ 56. Plaintiff alleges that the "false information [from George Hills Co. about the timeliness of Plaintiff's claim was] calculated to lead [Plaintiff], a pro per claim filer, not to file a lawsuit against [Defendant]." *Id.* at ¶ 55. Plaintiff further alleges that he "reasonably and justifiably relied upon these misrepresentations [by George Hills Co.], and believing he had no case to file, failed to file any lawsuit against [Defendant] within the two-year limitation period for personal injuries in the state of California." *Id.* at ¶ 66.

### B. Procedural History

Prior to the instant case, Plaintiff filed a lawsuit against George Hills Co. in the California Superior Court for Sacramento County. The Court will first discuss the Superior Court case, and then the instant case.

#### 1. Plaintiff's Lawsuit before the Superior Court for Sacramento County

On February 8, 2010, Plaintiff filed suit against George Hills Co. in the Superior Court for Sacramento County. ECF No. 34-1 at 1.[3] Plaintiff brought two claims: intentional misrepresentation, and negligent misrepresentation. *Id.* These two claims were predicated on the fact that Plaintiff was misled by George Hills Co.'s mistaken statement that Plaintiff's claim filed with Defendant was untimely in correspondence dated February 7, 2008. The Superior Court sustained two demurrers, the latter of which dismissed Plaintiff's claims without leave to amend. *Medeiros v. George Hills Co.*, 2013 WL 174852, at *1 (Cal. Ct. App. Jan. 14, 2013). Plaintiff appealed, and on January 14, 2013, the California Court of Appeal reversed in part the Superior

---

are properly noticeable.

[2] California's Government Claims Act requires a plaintiff to "timely file a claim for money or damages with the public entity" before bringing suit. *Lozada v. City & Cty. of San Francisco*, 145 Cal. App. 4th 1139, 1150-51 (2006). "The failure to do so bars the plaintiff from bringing suit against that entity." *Id.* at 1051.

[3] The Court will refer to the ECF-generated pagination of documents for which Defendant sought judicial notice because not every page is consecutively-paginated.

3
Case No. 17-CV-05913-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

Court's dismissal of the suit, and remanded the suit back to the Superior Court. *Id.* at *5. On remand, Plaintiff filed a second amended complaint against George Hills Co., but George Hills Co. filed its answer and then moved for judgment on the pleadings. *Medeiros v. George Hills Co.*, 2015 WL 4086155, at *1 (Cal. Ct. App. July 7, 2015). The Superior Court granted the motion for judgment on the pleadings and entered judgment in favor of George Hills Co. *Id.* at *1. Plaintiff once again appealed. On July 7, 2015, the Court of Appeal affirmed the Superior Court's decision. *Id.* The California Supreme Court denied Plaintiff's petition for review on October 14, 2015. TAC at ¶ 70.

### 2. The Instant Case

On October 16, 2017, Plaintiff filed a complaint alleging malicious prosecution under 42 U.S.C. § 1983 as the sole cause of action against Defendant City of Palo Alto. ECF No. 1 at 5. The case was assigned to United States Magistrate Judge Howard Lloyd. On November 2, 2017, Magistrate Judge Lloyd entered an order reassigning the case to a District Judge; granted Plaintiff's motion to proceed in forma pauperis; and included a report and recommendation to dismiss Plaintiff's complaint with leave to amend. ECF No. 4. In the report and recommendation, Magistrate Judge Lloyd noted that Plaintiff's § 1983 claim against Defendant required that an alleged constitutional violation be the product of a municipal policy or custom, but that Plaintiff's complaint "does not link his injury to a policy or custom" of Defendant. *Id.* Magistrate Judge Lloyd also noted, without deciding, that Plaintiff's claim may be time barred because California has a two-year statute of limitations for personal injury actions. *Id.* at 3-4.

On November 2, 2017, the case was reassigned to this Court. ECF No. 6. On November 3, 2017, Plaintiff filed a first amended complaint alleging malicious prosecution under § 1983 as the sole cause of action. ECF No. 7 at 4. On January 10, 2018, this Court adopted the report and recommendation, thereby dismissing the complaint and the first amended complaint with leave to amend because the first amended complaint did not cure the defects identified in the report and recommendation. ECF No. 10 at 5. The Court found that Plaintiff's complaint and first amended complaint fail to link Plaintiff's injury to a policy or custom of Defendant. *Id.* at 4. Moreover, the

4

Case No. 17-CV-05913-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

Court stated that "it is unclear how Plaintiff's suit is not time barred." *Id.*

On February 7, 2018, Plaintiff filed a second amended complaint alleging malicious prosecution under § 1983 as the sole cause of action. ECF No. 12 at ¶¶ 58-67. On December 4, 2018, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915 and dismissed Plaintiff's second amended complaint without prejudice. ECF No. 25 at 4 ("December 4, 2018 Order"). In particular, the Court held that "Plaintiff's suit is time-barred under California's two-year statute of limitations for personal injury actions." *Id.* at 3. The Court also held that "tolling would not save Plaintiff's [second amended] complaint." *Id.* However, the Court granted leave to amend because Plaintiff's second amended complaint contained one allegation that equitable estoppel tolled the statute of limitations. *Id.* The Court warned Plaintiff that "unless Plaintiff can amend his complaint to allege facts against [Defendant] supporting his claim of equitable estoppel, the Court will have no choice but to dismiss [Plaintiff's] claim[] with prejudice for being time-barred under California law." *Id.* at 4.

On January 2, 2019, Plaintiff filed a TAC alleging malicious prosecution under § 1983 as the sole cause of action. ECF No. 26 at 8. On March 24, 2019, Defendant filed a motion to dismiss the TAC. ECF No. 33 ("Mot."). On April 22, 2019, Plaintiff filed an opposition. ECF No. 42 ("Opp."). On April 23, Defendant filed a reply. ECF No. 43 ("Reply").

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The U.S. Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a

5

Case No. 17-CV-05913-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek*, 519 F.3d at 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### B. Leave to Amend

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

### III. DISCUSSION

6
Case No. 17-CV-05913-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

Defendant advances two arguments for why the Court should dismiss Plaintiff's sole claim for malicious prosecution. First, Defendant argues that Plaintiff's claim is time barred because Plaintiff cannot establish equitable tolling for a period of time that would avoid the statute of limitations, and that equitable estoppel also does not apply. Second, Defendant asserts that the TAC fails to state a claim for malicious prosecution. The Court finds Defendant's first argument dispositive, and thus, need not address Defendant's second argument.

As an initial matter, a claim of malicious prosecution accrues when a conviction is reversed on appeal. *Venegas v. Wagner*, 704 F.2d 1144, 1146 (9th Cir. 1983) (holding that the cause of action for the "tort of malicious prosecution . . . accrued when [a defendant's] conviction was reversed on appeal."); *see also Cline v. Brusett*, 661 F.2d 108, 110 (9th Cir. 1981) ("A malicious prosecution cause of action does not accrue until the case has been terminated in favor of the accused."). Thus, Plaintiff's malicious prosecution claim brought under § 1983 accrued on October 2, 2007, the date of the California Court of Appeal's remittitur overturning Plaintiff's conviction. Moreover, "Cal. Civ. Proc. Code § 335.1's two-year statute of limitations applies to section 1983 actions in federal district court in California." *Jackson v. McMillen*, 249 Fed. App'x 530, 531 (9th Cir. 2007) (citing *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004)). Thus, unless tolled, the statute of limitations would have run on Plaintiff's malicious prosecution claim on October 2, 2009, two years after the date of the Court of Appeal's remittitur. So, unless Plaintiff shows that "equitable tolling or equitable estoppel" applies here, the instant action is time barred. *Lujan v. Ford*, 716 Fed. App'x 699, 700 (9th Cir. 2018) (citing *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009)).

Thus, below, the Court first discusses whether equitable tolling saves Plaintiff's malicious prosecution claim under § 1983 from being time barred, and then whether equitable estoppel saves Plaintiff's claim from being time barred.

**A. Equitable Tolling**

In its December 4, 2018 Order, the Court dismissed Plaintiff's second amended complaint because the Court determined that Plaintiff's suit was time barred and that tolling could not save

7

the complaint. ECF No. 25 at 3. Nevertheless, out of an abundance of caution, the Court granted leave to amend. *Id.* at 4. Plaintiff has now filed his *third* amended complaint, reasserting the same malicious prosecution claim under § 1983. After reviewing Plaintiff's TAC, the Court agrees with Defendant that Plaintiff's fourth attempt at stating a claim fails, especially because the Court's December 4, 2018 Order provided Plaintiff with notice that Plaintiff's suit was time barred and that tolling could not save the suit.

"Federal courts . . . apply a forum state's law regarding tolling, including equitable tolling . . . ." *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Under California law, the statute of limitations is equitably tolled if "possessing several legal remedies, . . . [plaintiff], reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage." *Addison v. State of Cal.*, 21 Cal.3d 313, 317 (1978). "[T]he effect of equitable tolling is that the limitations period *stops running* during the tolling event, and begins to run again only when the tolling event has concluded." *Lantzy v. Centex Homes*, 31 Cal.4th 363, 370 (2003) (emphasis in original).

The Court, like Defendant, has identified four time periods to consider for potential tolling. The first period runs from accrual of Plaintiff's malicious prosecution claim on October 2, 2007, when the California Court of Appeal issued its remittitur and the state court decision overturning Plaintiff's conviction became final, to Plaintiff's submission of a government claim form to Defendant on January 29, 2008. The second period runs from Plaintiff's filing of a government claim form with Defendant on January 29, 2008 to George Hills Co.'s response to Plaintiff's government claim form on February 7, 2008. The third period runs from February 7, 2008—the date of George Hills Co.'s written response to Plaintiff's claim form in which George Hills Co. made the erroneous statement that Plaintiff's claim was untimely—to February 8, 2010, when Plaintiff filed suit in Superior Court for Sacramento County against George Hills Co. The fourth period runs from February 8, 2010, when Plaintiff initiated suit against George Hills Co. in Superior Court, to October 14, 2015, when the California Supreme Court denied review of the Court of Appeal's decision affirming the dismissal of Plaintiff's state court lawsuit against George Hills Co. Below, the Court discusses each period in turn.

### 1. Period One: Accrual of Malicious Prosecution Claim (October 2, 2007) to Plaintiff's Submission of a Government Claim Form (January 29, 2008)

The first period runs from the date of accrual of Plaintiff's malicious prosecution claim (October 2, 2007) to Plaintiff's submission of a government claim form to Defendant (January 29, 2008). During this period, the statute of limitations was not tolled because Plaintiff did not pursue any legal remedy "designed to lessen the extent of his injuries or damage." *Addison*, 21 Cal.3d at 317. Thus, during the first period, the statute of limitations ran for 119 days without a tolling event.

### 2. Period Two: Plaintiff's Submission of a Government Claim Form (January 29, 2008) to George Hills Co.'s Response Erroneously Denying Plaintiff's Claim as Untimely (February 7, 2008)

The second period runs from the date Plaintiff submitted a government claim form to Defendant (January 29, 2008) to the date George Hills Co. responded to Plaintiff's claim by incorrectly denying Plaintiff's claim as untimely (February 7, 2008).

Various California and federal courts diverge on the question of whether filing a government claim tolls the time for filing a § 1983 claim. For instance, the *McMahon v. Albany Unified School Dist.* court held that the plaintiff's government claim "is not sufficient to toll the statute of limitations on his section 1983 action." 104 Cal. App. 4th 1275, 1292 (2002). On the other hand, the Ninth Circuit held "the plaintiffs . . . [are] entitled to equitable tolling" during the pendency of a state law claim submitted to a state entity. *Lucchesi v. Bar-O Boys Ranch*, 353 F.3d 691, 693, 696 (9th Cir. 2003).

However, the Court need not resolve the question of whether to toll the statute of limitations during the pendency of Plaintiff's claim submitted to Defendant because Defendant states that for the "purposes of this motion, the [Defendant] assumes that the Ninth Circuit decision in *Lucchesi* controls and that the submission of the government claim form tolled the running of the limitations period." Mot. at 6. Thus, during the nine days that elapsed between January 29, 2008 and February 7, 2008, the statute of limitations on Plaintiff's § 1983 action was tolled.

### 3. Period 3: George Hills Co.'s Response Erroneously Denying Plaintiff's Claim as

**Untimely (February 7, 2008) to the Date Plaintiff Filed Suit in Superior Court against George Hills Co. (February 8, 2010)**

The third period runs from the date of George Hills Co.'s correspondence with Plaintiff denying Plaintiff's government claim against Defendant (February 7, 2008) to the date Plaintiff sued George Hills Co. in the Superior Court for Sacramento County (February 8, 2010).

Here, for the "purposes of this motion, [D]efendant does not contest tolling from February 7, 2008 to February 8, 2010." Mot. at 8. Thus, during the 732 days that elapsed between February 7, 2008 to February 8, 2010, the statute of limitations was tolled.

4. **Period 4: The Date Plaintiff Filed Suit in Superior Court against George Hills Co. (February 8, 2010) to the Date the California Supreme Court Denied Plaintiff's Petition for Review of the Court of Appeal and Superior Court's Decisions to Dismiss Plaintiff's Case against George Hills Co. (October 14, 2015)**

The fourth period runs from the date Plaintiff brought suit in the Superior Court for Sacramento County against George Hills Co. (February 8, 2010) to the date the California Supreme Court denied Plaintiff's petition for review of the Court of Appeal's decision affirming the Superior Court's grant of a demurrer (October 14, 2015).

Defendant argues that there is no equitable tolling during the fourth period because the malicious prosecution claim alleged in the instant action is distinct from the misrepresentation claims alleged in Plaintiff's California lawsuit against George Hills Co. Mot. at 8-9. The Court finds Defendant's argument persuasive.

"California has long refused to apply the equitable tolling doctrine to toll the statute of limitations on a claim for a distinct wrong that was *not* the basis of the earlier proceeding." *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1141 (9th Cir. 2001) (emphasis in original). For instance, in *Loehr v. Ventura Cty. Cmty. College Dist.*, the plaintiff was fired from his position as superintendent and chief executive officer of the Ventura County Community College District. 147 Cal. App. 3d 1071, 1076 (1983). The *Loehr* plaintiff brought suit in federal court against the community college district, the board of trustees of the community college district, and three trustees. *Loehr v. Ventura Cty. Cmty. College Dist.*, 743 F.2d 1310, 1313 (9th Cir. 1984). The plaintiff sued for "deprivations of his liberty and property" under § 1983 because

10
Case No. 17-CV-05913-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

the plaintiff believed his termination to be unfair and wrong. *Id.* About two years after he was discharged, the *Loehr* plaintiff also brought suit in California state court for, *inter alia*, "breach of contract, tortious breach of an implied covenant of good faith and fair dealing, conspiracy and failure to prevent conspiracy to wrongfully interfere with a business relationship and to induce breach of contract." *Loehr*, 147 Cal. App. 3d at 1077. The Court of Appeal held that the plaintiff's suit in California state court was barred by a statute of limitations because plaintiff's federal case did not equitably toll the claims plaintiff brought in state court. *Id.* at 1084. Specifically, the Court of Appeal stated that a "comparison of the federal and state court actions demonstrates that the two are substantially dissimilar as to both the remedies they seek and the wrongs they allege," even though the plaintiff's federal and state actions were both predicated on his alleged wrongful termination. *Id.* at 1086.

The instant case is analogous to *Loehr*. Plaintiff's state court lawsuit against George Hills Co. brought two causes of action: intentional misrepresentation, and negligent misrepresentation. ECF No. 34-1 at 2, 4. The causes of action in Plaintiff's state court case were predicated on George Hills Co.'s incorrect representation that Plaintiff's government claim submitted to Defendant was untimely. *Id.* at 3-4. By contrast, in the instant case, Plaintiff brought a malicious prosecution cause of action under § 1983 against Defendant City of Palo Alto because, *inter alia*: Defendant "lacked probable cause to instigate criminal charges against [Plaintiff]," TAC at ¶ 44; "[t]o the extent [Plaintiff] might have had probable cause to believe [Defendant] committed the crimes alleged by [Plaintiff], further facts were easily available to [Defendant] with proper investigation to extinguish any belief that probable cause was factually present," *id.* at ¶ 46; and "[Defendant] acted with malice in its actions described herein and did not seek out prosecution out of a concern for public justice," *id.* at ¶ 47.

Thus, Plaintiff's claim against Defendant in the instant action are predicated on the circumstances surrounding Defendant's investigation into Plaintiff for allegedly dumping grease into the public sewers. However, Plaintiff's claims against George Hills Co. in the state court action were predicated on George Hills Co.'s wrongful rejection of Plaintiff's government claim

11
Case No. 17-CV-05913-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

for being untimely. The state court action and the federal court action involve distinct defendants, distinct acts, distinct facts, and thus, distinct wrongs. Indeed, Plaintiff's claims in the instant federal court case and claims in the state court case are even more distinct than the claims in *Loehr*, where the federal court case and state court case were both predicated on the *Loehr* plaintiff's termination.

In sum, the pendency of Plaintiff's state court action against George Hills Co. from February 8, 2010 to October 14, 2015 did not toll the statute of limitations.

### 5. Summary

As discussed above, the statute of limitations was tolled twice (during periods 2 and 3) for a total of 741 days. Therefore, the last day Plaintiff could have filed this action before the statute of limitations had run was October 12, 2011. Plaintiff filed the instant suit on October 16, 2017, which is 2,196 days, or more than six years, after the statute of limitations had run. ECF No. 1.

Moreover, even assuming *arguendo* that the pendency of Plaintiff's state lawsuit against George Hills Co. between February 8, 2010 to October 14, 2015 tolled the statute of limitations, the instant suit would still be time barred. Plaintiff would have had to file suit by June 16, 2017. However, June 16, 2017 is four months before Plaintiff actually initiated the instant action on October 16, 2017. ECF No. 1.

Thus, equitable tolling does not save the instant case from being time barred under the two-year statute of limitations. Next, the Court discusses whether equitable estoppel renders the instant suit timely-filed.

### B. Equitable Estoppel

In its December 4, 2018 Order, the Court dismissed Plaintiff's second amended complaint because the Court determined that Plaintiff's suit was time barred and that tolling could not save the complaint. ECF No. 25 at 3. Nevertheless, out of an abundance of caution because Plaintiff's second amended complaint alluded to equitable estoppel, which might render Plaintiff's suit timely filed, the Court granted leave to amend. *Id.* at 4. Plaintiff has now filed his *third* amended complaint, reasserting the same malicious prosecution claim under § 1983. After reviewing

12
Case No. 17-CV-05913-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

1   Plaintiff's TAC, the Court agrees with Defendant that Plaintiff's fourth attempt at stating a claim

2   fails, especially because the Court's December 4, 2018 Order provided notice that "unless Plaintiff

3   can amend his complaint to allege facts against [Defendant] supporting his claim of equitable

4   estoppel, the Court will have no choice but to dismiss his claims with prejudice for being time-

5   barred under California law." *Id.* at 4.

6   Here, Plaintiff asserts that equitable estoppel applies "so as to justify barring [Defendant] from asserting a statute of limitations defense." Opp. at 4. However, Defendant argues that equitable estoppel does not apply here because Plaintiff failed to file suit against Defendant within a reasonable period of time after Plaintiff discovered that his government claim form submitted to Defendant was incorrectly determined to be untimely. Reply at 1-2. Defendant has the better argument.

12   To prove equitable estoppel, "(1) the party to be estopped must be appraised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel has a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury." *Schafer v. City of Los Angeles*, 237 Cal. App. 4th 1250, 1261 (2015). "Equitable estoppel does not extend the statute of limitations but rather comes into play only after the limitations period has run and addresses itself to the circumstances in which a party will be estopped from asserting the statute of limitations as a defense to an admittedly untimely action because his conduct has induced another into forbearing suit within the applicable limitations period." *Cordova v. 21st Century Ins. Co.*, 129 Cal. App. 4th 89, 96 (2005). Moreover, equitable estoppel does not indefinitely extend the time to file suit. A plaintiff must proceed "diligently [in filing suit] once the truth is discovered." *Lantzy*, 31 Cal.4th at 384.

24   Here, Plaintiff appears to argue that the instant suit is timely because George Hills Co., on behalf of Defendant, misrepresented that Plaintiff's "claim was too late for consideration," which "was designed to avoid [Plaintiff from] knowing the true facts that his claim was timely and should have bene reviewed on the merits." TAC at ¶ 59. Furthermore, Plaintiff alleges that

13
Case No. 17-CV-05913-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

Defendant's "misrepresentations and legal omissions in its response letter [to Plaintiff's government claim] was to suppress any inclination of [Plaintiff] to file a lawsuit against [Defendant]." *Id.* at ¶ 60. Thus, Plaintiff "submits that [Defendant] should not be allowed to assert any statute of limitations defense." *Id.* at ¶ 71.

The Court finds that equitable estoppel does not prevent Defendant from asserting a statute of limitations defense because Plaintiff did not act "diligently" in filing the instant suit after Plaintiff discovered that his government claim form was timely filed. Plaintiff has failed to allege when exactly he discovered the error in George Hills Co.'s representation that Plaintiff's claim was untimely. However, Plaintiff certainly discovered the "truth" before February 8, 2008, when Plaintiff filed suit against George Hills Co. in the Superior Court for Sacramento County and alleged that George Hills Co. made "false representations in that Plaintiff was induced to believe he did not have a timely claim against the City of Palo Alto." ECF No. 34-1 at 3. Thus, Plaintiff waited more than nine years after discovering the "true state of facts" on at least February 8, 2008 before commencing the instant suit on October 16, 2017. *Schafer*, 237 Cal. App. 4th at 1261.

However, courts have found that a plaintiff was not diligent in commencing suit after discovering the "true state of facts" for time periods much shorter than the nine years in the instant case. For instance, in *Gundogdu v. King Mai, Inc.*, the plaintiffs were made aware of the true state of facts by February 11, 2004 at the latest, and did not bring suit until April 2006. 171 Cal. App. 4th 310, 317 (2009). The *Gundogdu* court held that the approximately two-year delay between the plaintiffs discovering the truth and filing suit indicated that plaintiffs did not "proceed diligently once the truth was discovered." *Id.* Another court has held that a delay of four years demonstrated nondiligence. *Eason v. Wal Mart Stores, Inc.*, 2017 WL 5608129, at *3 (E.D. Cal. Nov. 21, 2017) ("The suit here is simply a four year old afterthought . . . . Plaintiff has not been diligent."); *see also Schramm v. JPMorgan Chase Bank, N.A.*, 2012 WL 12882882, at *4 (C.D. Cal. Aug. 16, 2012) (20-month delay "insufficient to demonstrate diligence"); *Akin v. Duro-Last, Inc.*, 2016 WL 659221, at *5 (Cal. Ct. App. Feb. 18, 2016) (five-year delay does not demonstrate diligence); *Lefkowitz v. Wirta*, 2014 WL 129634, at *16 (Cal. Ct. App. Jan. 15, 2014) (seven-year delay does

14
Case No. 17-CV-05913-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

not demonstrate diligence).

In sum, the equitable estoppel doctrine requires diligence in filing suit after a plaintiff discovers the truth. Here, Plaintiff waited at least nine years after discovering that George Hills Co. erroneously rejected Plaintiff's government claim for being untimely before Plaintiff instituted the instant suit. Thus, Plaintiff was not diligent in bringing the instant claim, so equitable estoppel does not apply here.

Thus, the Court GRANTS Defendant's motion to dismiss because even with equitable tolling, Plaintiff's suit is untimely. Moreover, equitable estoppel does not apply here to excuse Plaintiff's noncompliance with the two-year statute of limitations. The Court finds that granting leave to amend would be futile and unduly prejudicial to Defendant. *Leadsinger, Inc.*, 512 F.3d at 532. Plaintiff has already had 4 opportunities to clearly state and allege facts in support of Plaintiff's claim. From the Court's December 4, 2018 Order, Plaintiff had notice that the Court believed Plaintiff's claim to be time barred by a statute of limitations, and that tolling could not save the claim. ECF No. 25 at 3. In addition, the Court warned that if Plaintiff "fails to cure the deficiencies identified in this order, the deficient claim will be dismissed with prejudice." *Id.* at 4. The December 4, 2018 Order also stated that "unless Plaintiff can amend his complaint . . . supporting his claim of equitable estoppel, the Court will have no choice but to dismiss his claims with prejudice for being time-barred." *Id.* Despite these warnings, the TAC fails to cure the deficiencies previously identified by the Court. Any amendment would be futile because Plaintiff's suit fails as a matter of law, as neither equitable tolling nor equitable estoppel can save the suit from being time barred by the statute of limitations. Moreover, it would be unduly prejudicial to require Defendant to litigate a case that fails as a matter of law. Thus, leave to amend is DENIED.

**IV.  CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss with prejudice.

**IT IS SO ORDERED.**

15

Case No. 17-CV-05913-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

Dated: June 21, 2019

_____
LUCY H. KOH
United States District Judge