United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS MEDEIROS, <br> Plaintiff, <br> v. <br> CITY OF PALO ALTO, <br> Defendant. | Case No. 17-CV-05913-LHK <br> **ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS** |

Before the Court is the Ninth Circuit's referral to this Court for a determination of whether to revoke Plaintiff's in forma pauperis status because Plaintiff's appeal is frivolous. 9th Cir. Case No. 19-16380, Dkt. No. 2. Having considered the relevant law and the record in this case, the Court CERTIFIES that Plaintiff's appeal is frivolous and REVOKES Plaintiff's in forma pauperis status. Below, the Court discusses why Plaintiff's appeal is frivolous.

To date, Plaintiff has been afforded four opportunities to state a claim against Defendant. *See* ECF Nos. 1, 7, 12, 26. Each time, Plaintiff remains unable to state a claim for the simple reason that Plaintiff's sole claim against Defendant for malicious prosecution under 42 U.S.C. § 1983 is time barred.

Plaintiff was indicted for a felony environmental crime in November 2003 for allegedly

1
Case No. 17-CV-05913-LHK
ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS

releasing a truckload of grease into the sewer system. ECF No. 26 (third amended complaint, or "TAC") at ¶ 18. The record in this case is unclear as to the specific crime with which Plaintiff was charged. Nevertheless, Plaintiff was tried and convicted of the crime in May 2005. *Id.* However, in 2007, Plaintiff's conviction was overturned by the California Court of Appeal based on a lack of evidence. *Id.* The California Court of Appeal issued its remittitur on October 2, 2007. ECF No. 34-2.

A malicious prosecution claim accrues when a conviction is reversed on appeal. *Venegas v. Wagner*, 704 F.2d 1144, 1146 (9th Cir. 1983) (holding that a cause of action for the "tort of malicious prosecution . . . accrued when [a defendant's] conviction was reversed on appeal."). Thus, Plaintiff's malicious prosecution claim brought under § 1983 accrued on October 2, 2007, the date of the California Court of Appeal's remittitur overturning Plaintiff's conviction. Moreover, "Cal. Civ. Proc. Code § 335.1's two-year statute of limitations applies to section 1983 actions in federal district court in California." *Jackson v. McMillen*, 249 Fed. App'x 530, 531 (9th Cir. 2007) (citing *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004)). Thus, unless tolled, the statute of limitations would have run on Plaintiff's malicious prosecution claim on October 2, 2009, two years after the date of the California Court of Appeal's remittitur. Therefore, unless Plaintiff can demonstrate that "equitable tolling or equitable estoppel" are applicable in the instant case to save Plaintiff's claim, the instant action is time barred. *Lujan v. Ford*, 716 Fed. App'x 699, 700 (9th Cir. 2018) (citing *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009)). However, Plaintiff's fourth attempt at stating a claim did not demonstrate that either equitable tolling or equitable estoppel could apply here to save Plaintiff's claim from being time barred. Below, the Court first addresses equitable tolling, then equitable estoppel.

As to equitable tolling, the Court's June 21, 2019 Order dismissing Plaintiff's third amended complaint with prejudice identified four relevant time periods during which Plaintiff's claim could have been tolled. ECF No. 47 at 8.

The first time period runs from the accrual of Plaintiff's malicious prosecution claim

2

Case No. 17-CV-05913-LHK
ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS

(October 2, 2007) to when Plaintiff filed a government claim[1] with Defendant City of Palo Alto (January 29, 2008). During this period, the statute of limitations was not tolled because Plaintiff failed to pursue any legal remedy "designed to lessen the extent of his injuries or damage." *Addison v. State of California*, 21 Cal.3d 313, 317 (1978). Thus, during this first time period, the statute of limitations ran for 119 days without a tolling event.

The second time period runs from when Plaintiff filed the government claim (January 29, 2008) to when Plaintiff's government claim was erroneously denied by George Hills Co., Defendant's claims administrator, for being untimely (February 7, 2008). TAC at ¶ 56. Though California and federal courts diverge on whether filing a government claim is a tolling event, Defendant assumed for the purposes of Defendant's motion to dismiss the third amended complaint that filing a government claim does toll the statute of limitations. ECF No. 33 at 6. Therefore, the statute of limitations was tolled during the nine days that elapsed between January 29, 2008 and February 7, 2008.

The third time period runs from when George Hills Co. erroneously denied Plaintiff's government claim (February 7, 2008) to when Plaintiff filed suit in the Superior Court for Sacramento County against George Hills Co. (February 8, 2010). Defendant does not contest tolling during this period of time. ECF No. 33 at 8. Thus, during the 732 days that elapsed between February 7, 2008 to February 8, 2010, the statute of limitations was tolled.

The fourth and final time period runs from when Plaintiff filed suit against George Hills Co. (February 8, 2010) to the date the California Supreme Court denied Plaintiff's petition for review of the Court of Appeal and Superior Court's decisions to dismiss Plaintiff's case against George Hills Co. (October 14, 2015). This Court determined that the statute of limitations was not tolled during this fourth time period. ECF No. 47 at 10-12.

Therefore, the Court determined that the statute of limitations was tolled twice (during the

---

[1] California's Government Claims Act requires a plaintiff to "timely file a claim for money or damages with the public entity" before bringing suit. *Lozada v. City & Cty. Of San Francisco*, 145 Cal. App. 4th 1139, 1150-51 (2006).

second and third time periods) for a total of 741 days. *Id.* at 12. Thus, the last day Plaintiff could have filed the instant action before the statute of limitations had run was October 12, 2011. However, Plaintiff filed the instant suit on October 16, 2017, which is 2,196 days, or more than six years after the statute of limitations had run. ECF No. 1.

Moreover, even assuming *arguendo* that the pendency of Plaintiff's California state court lawsuit against George Hills Co. between February 8, 2010 and October 14, 2015 (the fourth time period) tolled the statute of limitations, the instant suit would still be time barred. To avoid the time bar, Plaintiff would have needed to file the instant suit by June 16, 2017, which is four months before Plaintiff actually initiated the instant suit on October 16, 2017. ECF No. 1.

Thus, equitable tolling does not save the instant case from being time barred under California's two-year statue of limitations. Next, the Court turns to equitable estoppel.

To prove equitable estoppel, "(1) the party to be estopped must be appraised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel has a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury." *Schafer v. City of Los Angeles*, 237 Cal. App. 4th 1250, 1261 (2015). "Equitable estoppel does not extend the statute of limitations but rather comes into play only after the limitations period has run and addresses itself to the circumstances in which a party will be estopped from asserting the statute of limitations as a defense to an admittedly untimely action because his conduct has induced another into forbearing suit within the applicable limitations period." *Cordova v. 21st Century Ins. Co.*, 129 Cal. App. 4th 89, 96 (2005). Moreover, equitable estoppel does not indefinitely extend the time to file suit. A plaintiff must proceed "diligently [in filing suit] once the truth is discovered." *Lantzy v. Centex Homes*, 31 Cal.4th 363, 384 (2003).

However, equitable estoppel does not prevent Defendant from asserting a statute of limitations defense because Plaintiff did not act "diligently" in filing the instant suit after Plaintiff discovered that his government claim was timely filed. Plaintiff has failed to allege when exactly he discovered the error in George Hills Co.'s representation that Plaintiff's government claim was

4
Case No. 17-CV-05913-LHK
ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS

untimely. However, Plaintiff certainly discovered the "truth" before February 8, 2008, when Plaintiff filed suit against George Hills Co. in the Superior Court for Sacramento County and alleged that George Hills Co. made "false representations in that Plaintiff was induced to believe he did not have a timely claim against the City of Palo Alto." ECF No. 34-1 at 3. Thus, Plaintiff waited more than nine years after discovering the "true state of facts" on at least February 8, 2008 before commencing the instant suit on October 16, 2017. *Schafer*, 237 Cal. App. 4th at 1261. Here, a nine-year delay in filing suit after discovering the true state of facts fails to demonstrate that Plaintiff acted with diligence. In fact, the California Court of Appeal has held that a two-year delay in filing suit after the plaintiffs discovered the true state of facts indicated that the plaintiffs did not "proceed diligently once the truth was discovered." *Gundogdu v. King Mai, Inc.*, 171 Cal. App. 4th 310, 317 (2009). Thus, equitable estoppel cannot save Plaintiff's claim because Plaintiff, by waiting nine years, was not diligent in filing the instant action.

In sum, the Court concludes that Plaintiff's claim in the third amended complaint lacks an arguable basis in law or fact and fails to present a non-frivolous issue for appeal. No amount of legal argument or factual amendment could render Plaintiff's claim timely. Thus, Plaintiff's appeal is not taken in good faith and is frivolous.

Accordingly, the Court hereby CERTIFIES that Plaintiff's appeal is frivolous pursuant to 28 U.S.C. § 1915(a)(3), and REVOKES Plaintiff's in forma pauperis status. Any further request to proceed on appeal in forma pauperis should be directed, on motion, to the Ninth Circuit in accordance with Federal Rule of Appellate Procedure 24.

The Clerk shall notify the Ninth Circuit of the Court's instant order.

**IT IS SO ORDERED.**

Dated: August 1, 2019

_____
LUCY H. KOH
United States District Judge